|1
|2
|3
|4
|5
|6
|7
|8
|9
|10
|11
|12
|13
|14
|15
|16
|17
|18
|19
|20
|21
|22
|23
|24
|25
|26
|27
|28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 19-MJ-4453-LL |
|---|---|
| Plaintiff, | |
| v. | |
| MATTHEW ISAAC WOLFE, | **ORDER OF DETENTION** |
| Defendant | |

In accordance with the Bail Reform Act of 1984, 18 U.S.C. § 3142(f), a detention hearing was held on October 15, 2019, to determine whether MATTHEW ISAAC WOLFE ("Defendant") should be held in custody pending trial on the grounds that Defendant is a flight risk, danger to the community and that there is a serious risk that Defendant will attempt to obstruct justice and intimidate witnesses. Assistant United States Attorney Joseph S. Green appeared on behalf of the United States. Attorney Keith H. Rutman appeared on behalf of Defendant.

Due to the nature of the charges, pursuant to 18 U.S.C. § 3142(e)(3)(D), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure Defendant's appearance or the safety of the community.

Based on the evidence proffered by the United States, the Defendant, and the Complaint, the Court concludes that Defendant has not rebutted the presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(D) and that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant and safety of the community. The Court

further finds by a preponderance of the evidence that there is a serious risk that Defendant will attempt to obstruct justice and intimidate prospective witnesses if released.

## I.
## FINDINGS OF FACT

**A.     Nature and Circumstances of the Offenses Charged [18 U.S.C. § 1591, 1594]**

1. Defendant is charged by Complaint with three counts of 18 U.S.C. § 1591, Sex Trafficking by Force, Fraud or Coercion, and Conspiracy to Commit Sex Trafficking by Force, Fraud or Coercion, in violation of 18 U.S.C. § 1594.

2. The Complaint alleges that Defendant participated in scheme to recruit young women to appear in adult videos by force, fraud and coercion. The nature and circumstances of the offense are very serious.

**B.     Weight of the Evidence Against the Defendant [18 U.S.C. § 3142(g)(2)]**

1. While the Court acknowledges that this is the least significant factor, there is probable cause to believe that the Defendant committed these offenses.

**C.     History and Characteristics of the Defendant [18 U.S.C. § 3142(g)(3)]**

1. The Defendant is a citizen of New Zealand. The Defendant has no legal status in the United States. Defendant is engaged to a U.S. citizen and has a U.S. citizen child. Defendant's fiancé was born outside the United States. Defendant has been living in San Diego, without legal status, since approximately 2013. Defendant's child and his fiance's older child recently obtained new/renewed passports, respectively. Through counsel, Defendant represented that the family travelled internationally routinely and that the passports were not obtained in anticipation of fleeing the United States.

2. Defendant has numerous ties to foreign business entities, many of which are tied to the island of Vanuatu, a nation that has no extradition treaty or mutual legal assistance treaty with the United States. According to public reports, Vanuatu is a hub for money laundering and other criminal activity. Defendant also holds ownership interests in

New Zealand companies.  In prior testimony, Defendant admitted to using a New Zealand entity to transfer money from the United States to Vanuatu.

3. The Defendant has no criminal history.

4. The Defendant cannot legally work in the United States.  Defendant's only known employment is in connection with the operation of the adult websites which are the subject of the Complaint.  According to the Complaint, the websites have generated at least $17 million in revenue.

5. Defendant is life-long friends with co-Defendant Michael Pratt, who previously fled the United States prior to the filing of the Complaint.  Prior to leaving the United States, Pratt liquidated his assets here and filed for bankruptcy.

6. According to evidence proffered by the United States, there have been multiple instances of suspected witness intimidation in a related civil case in which Defendant is named as a civil defendant, along with co-Defendants Pratt and Garcia.  For example, the tires of a vehicle belonging to an attorney for the victims in the civil case were slashed.  A mock Twitter page was set up using the same attorney's name and likeness that contained explicit photo-shopped pictures of the attorney.  A witness provided a declaration that co-Defendant Garcia offered her $1,000 not to testify in the related civil trial.  After another individual was identified as a trial witness in the civil case, her employer received an anonymous letter exposing the fact that she had appeared in an adult video; she was fired as a result.  Another witness received a Facebook message from Garcia with explicit photos of herself after being named as a witness.  Finally, as a part of the scheme in this case, victims reported that they were threatened with legal action if they did not complete the video shoots, even though there was no proper basis to do so because the agreement was procured by fraud.  The United States indicated that these matters remain under investigation and while there was no direct evidence tying these particular actions to Defendant, there was a strong inference that that the efforts to intimidate the victims, witnesses and attorneys were done for the benefit of Defendant, Garcia and Pratt.

## II.

## CONCLUSIONS REGARDING DETENTION

Based on consideration of the factors set forth in 18 U.S.C. § 3142(g), the Court concludes that Defendant has not rebutted the presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(D) and that the facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant and safety of the community.  The Court further finds by a preponderance of the evidence that there is a serious risk that Defendant will attempt to obstruct justice and intimidate prospective witnesses if released.

## III.

## O R D E R

IT IS HEREBY ORDERED that Defendant be detained pending trial and, if convicted, sentencing in these matters.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentence or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

//

//

//

4

This order is made without prejudice to modification by this Court at a future date.

IT IS SO ORDERED.

Dated:_____                    _____
                                   THE HONORABLE LINDA LOPEZ
                                   United States Magistrate Judge